IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:21-CR-3124 |
| vs. | ORDER |
| JAYDEN C. PRENTICE, | |
| Defendant. | |

This matter is before the Court on the defendant's appeal (filing 72) of the Magistrate Judge's order (filing 73) that the defendant be detained pending trial. The defendant's appeal will be denied.

The defendant was shot in the face and seriously wounded in an August 2, 2021 gun battle in the parking lot of a suburban Lincoln, Nebraska movie theater. The evidence strongly suggests that the defendant was one of three men selling marijuana, and that the shootout resulted from an attempted robbery during the deal.[1] The defendant is charged with possessing marijuana with intent to distribute it and possessing firearms in furtherance of a drug transaction, *see* filing 32, and the Magistrate Judge ordered him detained pending trial on those charges, *see* filing 73.

If a person is ordered detained by a Magistrate Judge, he may file a motion for revocation or amendment of the order with the district judge. *See* 18 U.S.C. § 3145(b). Such a motion "shall be determined promptly." *Id*. When reviewing the Magistrate Judge's order, the Court

---

[1] The defendant is, of course, entitled to the presumption of innocence and a fair trial on the charges against him—but right now, the Court can only rely on the conclusions to be drawn from the evidence it has before it.

> may hear and consider additional evidence not considered by the magistrate judge if that evidence was not available to be presented to the magistrate judge at the hearing held under 18 U.S.C. § 3142(f) or for other good cause shown. In the alternative, the district judge may remand the matter to the magistrate judge to reopen the hearing. Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge.

NECivR 46.2(c). The defendant hasn't offered additional evidence or asked for the opportunity to present any additional evidence, *see* filing 72, so the Court has conducted a *de novo* review of the record made before the Magistrate Judge. *See* NECivR 46.2(c). In particular, the Court has reviewed the pretrial services report (filing 53), the courtroom audio recording of the hearing held by the Magistrate Judge on October 6, 2021 (filing 67), and the parties' exhibits (filing 17-1 to 17-12; filing 64).

Pursuant to § 3142(e)(1), a defendant shall be detained pending trial if, among other things, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Only if the government shows by clear and convincing evidence that no release conditions will reasonably assure the safety of the community, or by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance, can a defendant be detained before trial. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003).

But in this case, those showings are presumed: There is probable cause that the defendant violated 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 924(c), *see* filing 32; § 3142(e)(3)(A), (B). Accordingly, only if the defendant

meets his burden of producing evidence that he doesn't pose a danger to the community or risk of flight does the Court consider whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of others and the community. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the defendant meets his "burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*; *see United States v. Warren*, 787 F.2d 1237, 1238 (8th Cir. 1986). In determining whether there are conditions of release that will reasonably assure the safety of any other person, the Court is to take into account, as relevant, information concerning the nature and circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. § 3142(g).

The Magistrate Judge found that the defendant didn't rebut the statutory presumption that his release would endanger the community. Filing 73. The Court agrees.[2] The evidence adduced suggests that the defendant was at the heart of a robust and well-armed drug conspiracy, and that the shootout was a consequence of it. Multiple weapons were found in the vehicle in which the defendant was a passenger, one of which was at his feet. And when the shootout happened, the defendant was out on bond pending disposition of a number of state charges in Saline County, Nebraska, including possessing and

---

[2] To be precise: the Court finds that the defendant didn't meet his burden of production to overcome the statutory presumptions, but even if he had, the record contains clear and convincing evidence that there are no conditions of release to reasonably assure the safety of others and the community. *See Abad*, 350 F.3d at 797.

receiving a stolen firearm, carrying a concealed weapon, and possessing marijuana. *See* filing 53 at 4. Simply put, it's difficult for the Court to find the defendant wouldn't be a danger to the community if released pending trial, because the defendant had previously been released pending trial and promptly proved to be a serious danger to the community.

The defendant argues that there's no evidence he fired or even brandished a weapon himself. Filing 72 at 3. The Court doesn't find that reassuring—the defendant showed up for a drug deal prepared for a gunfight and the Court isn't persuaded he should be rewarded just because his side lost. The evidence suggests the defendant and one of his associates were seriously wounded, and the third returned fire. The Court has little reason to believe that had the defendant been the one to escape injury, he wouldn't have used the firearm found at his feet.

The defendant's arguments to the contrary primarily involve the fact that he was shot and seriously wounded. *See* filing 72. But while his activity may be limited, the fact that he's still been able to engage in social activities like bowling and going to the movies suggests that he's not entirely incapacitated. The Court also acknowledges that "[o]ther than his arrest in Saline County, he has no criminal history at all." Filing 72 at 4. But he's only 19 years old, and the volume of drugs, guns, and money found at the scene of the shootout more than make up for his lack of a previous record. The defendant argues that his "life is entirely different since the shooting" but there's little *direct* evidence to suggest that his priorities have changed.[3] And the Court is unwilling to accept that risk at this point.

---

[3] That's not to say that the defendant's medical needs aren't important to the Court. They're not relevant to whether he's a danger to the community, given the Court's finding that they're not disabling—but the Court has every expectation that Saline County, the United States

Nor is the Court persuaded that the conditions proposed by the defendant, primarily contingent on the defendant being entrusted to his mother's custody, will suffice to ameliorate the risk he presents to others. To be clear—the Court does not, for these purposes, question the sincerity of the defendant's mother or her intent to serve as a responsible and law-abiding custodian. But as the government noted, the defendant's mother was previously unaware of the defendant's evident criminal activity, despite the fact that he'd previously been arrested. And, more importantly, evidence of the defendant's involvement in serious and dangerous criminal behavior takes this case well beyond the point where a family member, no matter how well-intentioned, should assume responsibility for public safety.

Finally, the defendant notes that he's already subject to a substantial appearance bond in Saline County, which he suggests provides some security. *See* filing 72 at 3-4. The Court isn't convinced. To begin with, the Court isn't comfortable relying on a bond and state proceeding over which it has no control. But more important, assuring the defendant's appearance isn't the issue here: it's whether the defendant is a danger to the community, and an appearance bond doesn't help much with that. After all, the defendant's bond didn't provide much security for the citizens on Lincoln on August 2, 2021.

On its *de novo* review, the Court agrees with the Magistrate Judge and is convinced that no level of custody short of pretrial detainment will reasonably assure the safety of others. Accordingly, the defendant will be detained pending trial.

---

Marshal, and the U.S. Attorney will ensure that while the defendant is in custody he receives the accommodations and care his injury requires. If that's not happening for some reason, the Court will take the matter up.

IT IS ORDERED that the defendant's appeal (filing 72) is denied.

Dated this 18th day of October, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge

- 6 -